UNITED STATES DISTRICT COURT
for the
Middle District of Florida

**RICKY D. SHAW,**     :
_____
               **Plaintiff,**     : CASE NO.:
                                          :
vs.     :
                                          :
**UNITED STATES OF AMERICA,**     :
_____/

**Defendant**

## COMPLAINT

COME NOW Plaintiff, **RICKY D. SHAW**, by and through his undersigned counsel, file his Complaint against the Defendant, **UNITED STATES OF AMERICA** and states as follows:

1. Plaintiff, **RICKY D. SHAW**, is a citizen of the State of Florida, residing in Spring Hill, Hernando County.

2. Defendant, **UNITED STATES OF AMERICA**, is the duly constituted and sovereign government of the United States of America.

3. Defendant, **UNITED STATES OF AMERICA**, at all times material to this complaint, owned, operated, controlled, and maintained a United States Post Office located at 8501 Philatelic Drive in Spring Hill, in Florida.

4. At all times material to this complaint, Defendant, **UNITED STATES OF AMERICA**, controlled, employed, and retained Robert Edward Bentley, as the United States postal service's joint venturer, agent, servant, employee, and/or ostensible agent.

5. Robert Edward Bentley at all times material to this complaint acted within the scope of his employment.

6. This court has jurisdiction over plaintiff's claims under the Federal Tort Claims Act, 28

U.S.C.A. §§ 1346(b)(1) and 2671 et seq., for the reason that the plaintiff's claims accrued after January 1, 1945, and are for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the scope of their office and employment.

7. Venue is proper in this court pursuant to 28 U.S.C.A. § 1391(e) for the reason that a substantial part of the events or omissions giving rise to the plaintiff's claim occurred within this judicial district, and the plaintiff resides in this judicial district.

8. Plaintiff, **RICKY D. SHAW,** at all times material to this compliant owned, operated, controlled, and drove a truck, VIN: 5WKBE1217F1032401 which was pulling an enclosed trailer.

9. Robert Edward Bentley at all times material to this complaint, operated, controlled, and drove a United States Post Office truck.

10. On May 22, 2017, at approximately 3:27 p.m., the truck operated by plaintiff was traveling on Deltona Boulevard, in the right-hand lane closest to the curbside in Spring Hill, Florida.

11. The U.S. Postal Service truck operated by Robert Edward Bentley was pulled off Deltona Boulevard roadway and without warning caught traction in sugar sand causing the U.S. Postal truck to go onto the roadway crashing into the right rear tire of the Plaintiff's vehicle's trailer causing severe and disabling injuries.

12. At the time the U.S. Postal Service truck operated by Robert Edward Bentley struck plaintiff's vehicle, plaintiff had the right of way.

13. At the time the U.S. Postal Service truck operated by Robert Edward Bentley struck turned into the right-hand lane of Deltona Boulevard and crashed into the plaintiff's vehicle unlawfully.

14. The above-described automobile crash was caused by the negligence and carelessness of Defendant, **UNITED STATES OF AMERICA**, and was not due in any way to any act or failure

to act on the part of the plaintiff.

15. The above-described incident was caused by the negligence and carelessness of Defendant, **UNITED STATES OF AMERICA**, and was not due in any way to any act or failure to act on the part of the plaintiff.

16. The carelessness and negligence of Defendant, **UNITED STATES OF AMERICA**, increased the risk of harm to plaintiff and was the direct and proximate cause of the injuries and damages suffered by plaintiff.

17. As a direct and proximate result of the carelessness and negligence of Defendant, **UNITED STATES OF AMERICA,** plaintiff sustained serious permanent and disabling personal injuries including, but not limited to, cervical spine and lumbar spine herniations, tingling and numbness of the extremities, the full extent of which injuries are not yet known, some or all of which are or may be permanent in nature.

18. As a direct and proximate result of the carelessness and negligence of Defendant, **UNITED STATES OF AMERICA**, plaintiff has suffered in the past and will continue to suffer in the future aches, pains, mental anguish, humiliation, disfigurement, physical pain, emotional distress, inconvenience, limitations, and restrictions of his usual activities, and loss of well-being that have prevented him in the past and will prevent him in the future from engaging in his usual activities, pursuits, and avocations, with a consequent loss of the pleasures and enjoyments of life.

19. As a direct and proximate result of the carelessness and negligence of the Defendant, **UNITED STATES OF AMERICA,** plaintiff has been required in the past and may be required in the future to expend various and diverse sums of money and incur monetary obligations for medical treatment and care, including surgeries, hospitalizations, medicines, physical therapy, rehabilitation care, therapies, medical-assistive devices, and treatments.

20. As a direct and proximate result of the negligence and carelessness of Defendant, **UNITED STATES OF AMERICA**, plaintiff has been disabled in the past and will continue to be disabled in the future from performing his usual duties, occupations, and vocations with a consequent loss of earnings and loss of future earning capacity.

21. As a direct and proximate result of the carelessness and negligence of the Defendant, **UNITED STATES OF AMERICA**, plaintiff sustained damage to his property, including, but not limited to, damage to his truck and the loss of his enclosed trailer.

WHEREFORE, Plaintiff claims of Defendant United States of America all damages recoverable under law in a sum in excess of the amount requiring referral to arbitration, plus interest and costs as allowed by law.

## COUNT I
## THE FEDERAL TORT CLAIMS ACT

22. Plaintiff, **RICKY D. SHAW,** incorporates here by reference all the allegations set forth in paragraphs 1 through 21 above.

23. Defendant, **UNITED STATES OF AMERICA**, is liable for personal injury caused by the negligent or wrongful acts and omissions of any deemed employee of the federal government while acting within the scope of their office or employment pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq., to the extent the Federal Tort Claims Act constitutes a waiver by defendant United States of America of the federal government's immunity from liability in tort.

24. Plaintiff timely filed in good faith a Standard Form 95 with the National Tort Center setting forth administrative tort claims directed at defendant United States of America with required attachments. Plaintiff's Standard Form 95 is attached to this Complaint as Exhibit [1] and

incorporated by reference.

25. Plaintiff's action against defendant, United States of America, has been timely filed in district court.

26. Plaintiff's claims for injuries and damages as set forth in this Complaint are a direct and proximate result of the negligent and wrongful acts and omissions of Defendant, **UNITED STATES OF AMERICA**, Robert Edward Bentley, while acting within the scope of his office or employment with the federal government under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq.

WHEREFORE, Plaintiff, **RICKY D. SHAW**, claims of Defendant, **UNITED STATES OF AMERICA**, all damages recoverable under law in a sum in excess of the amount requiring referral to arbitration, plus interest and costs as allowed by law.

## COUNT II

### PLAINTIFF, RICKY D. SHAW V. THE UNITED STATES OF AMERICA

27. Plaintiff, **RICKY D. SHAW**, incorporates hereby reference all the allegation set forth in Paragraphs 1 through 21 as above.

28. The negligence and carelessness of defendant, the United States of America, includes, but is not limited to, the following:

   a. Striking and injuring plaintiff and damaging plaintiff's truck and trailer;

   b. Improperly and illegally entering the roadway while failing to keep and maintain proper lookout;

   c. failing to keep and maintain a proper lookout;

   d. failing to maintain adequate control of the operation of the vehicle;

   e. operating the vehicle in a careless and dangerous manner;

f. failing to warn of the approach of the vehicle;

g. operating the vehicle at a speed that was excessive under the circumstances;

h. operating the vehicle in violation of the code, statutes, rules, and regulations of City of Spring Hill;

i. operating the vehicle in violation of the code, statutes, rules, and regulations of the State of Florida;

j. operating the vehicle without due regard for the right, safety, and position of plaintiff;

k. operating the vehicle without lawful and proper vigilance and watchfulness; and

l. negligence per se.

WHEREFORE, Plaintiff, **RICKY D. SHAW**, claims of Defendant, **UNITED STATES OF AMERICA**, all damages recoverable under law according to proof in a sum in excess of the amount requiring referral to arbitration and not less than Five Hundred Thousand Dollars ($500,000.00), plus interest and costs as allowed by law.

Dated: November 7th 2018.

/S/ Jonathan N. Zaifert
**FRANK A. MILLER, ESQUIRE**
FBN: 910831
**JONATHAN N. ZAIFERT, ESQUIRE**
FBN: 14100
Caglianone & Miller, P.A.
1580 W Cleveland Street
Tampa, FL 33606
P: 813-226-8899
F: 813-226-0017
Jzaifert@cagmil.com; trogers@cagmil.com
*Attorneys for Plaintiff*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| **1. Submit to Appropriate Federal Agency:** <br> TORT CLAIMS COORDINATOR <br> SUNCOAST DISTRICT <br> P.O. BOX 39131 <br> TAMPA FL 33630-9131  335-17-003481/18a | **2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code. <br> Rick D. Shaw <br> 703 Lamar Ave, Brooksville, FL 34601 <br> Frank A. Miller, Esquire | |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 08/11/1958 | Single | Wednesday, May 17, 2017 | 3:47 p.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On May 22, 2017, at about 3:47p.m. your insured's driver, Robert E. Bentley, was pulled off the roadway on Deltona Boulevard and his mail truck was stuck in sugar sand. At the time of the crash, Mr. Shaw a restrained, operator of his 2006 Toyota Tundra was pulling an enclosed utility trailer and he traveling North on Deltona Boulevard, Hernando County, Florida. As Mr. Shaw's vehicle was traveling by the mail truck, the mail truck's driver Mr. Bentley, pushed on the gas of the mail truck and causing his vehicle to gain traction to where it to suddenly enter the road way, crashing into the right rear tire and axel of Mr. Shaw's trailer. The impact jerked the truck and trailer violently side to side and then the vehicle thrusted forward and backwards causing permanent bodily injuries to Mr. Shaw.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Rick D. Shaw

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side). 2015 Freedom 6x12 foot utility trailer, The utility trailer sustained a bent axel, bent frame, damage to the curbside wall (torn off fender and damaged wheel. The utility trailer is a total loss. See attached estimate.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. Rick D. Shaw:
Cervicalgia with multilevel disc protrusions and abnormalities; Lumbalgia with disc extrusion and abnormalities; Cervical myofascial pain syndrome; Thoracic myofascial pain syndrome; Lumbar myofascial pain syndrome; Post traumatic cervical sprain/ strain; post traumatic thoracic sprain/ strain; post traumatic lumbar sprain/ strain; trapezius myofascial pain syndrome. Right sciatic neuralgia; Right lower extremity radiculitis; Left upper extremity radiculitis in the form of numbness, tingling, pain, and weakness.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Gerald Shaw | 10416 Gatling Street, Spring Hill, FL 34606 |
| Deborah Coulter | 10416 Gatling Street, Spring Hill, FL 34606 |

**12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $2,536.78 | $500,000.00 | NOT APPLICABLE | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2


EXHIBIT 1

| INSURANCE COVERAGE ||
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. ||
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No ||
| I was the driver in this automobile accident. ||
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☒ Yes  ☐ No | 17. If deductible, state amount. |
| Yes, for Personal Injury Protection (PIP) Benefits. ||
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). ||
| No claim filed other than that of Personal Injury Benefits. ||
| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No ||
| Not Applicable ||

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
 B. *Principal Purpose:* The information requested is to be used in evaluating claims.
 C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
 D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK